UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETO R RIVERA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF NAPA COUNTY,<br><br>　　　　　Respondent. | Case No. 25-cv-01877-RFL<br><br>**ORDER OF DISMISSAL** |

Cleto Rivera, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend, and Rivera filed a second amended petition. Petitioner was convicted in Napa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

This case will be DISMISSED because despite multiple opportunities to amend, Rivera has failed to present any viable federal habeas claims.

## BACKGROUND

In 2019, a jury found Rivera guilty of resisting a peace officer and causing severe bodily injury. *People v. Rivera*, No. A157315, 2020 WL 5691231, at *1-3 (Cal. Ct. App. Sep. 24, 2020). He was sentenced to nine years and eight months in state prison. *Id*. at *3. In 2020, his conviction was affirmed by the California Court of Appeal. *Id*. at *5. The California Supreme Court denied review on December 9, 2020. *People v. Rivera*, Case No. S265242.

## DISCUSSION

A.　Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

The second amended petition is substantially similar to the prior petitions, and the specific claims are once again difficult to understand. Rivera argues that his conviction is void because the state courts did not have jurisdiction due to a defective complaint and faulty charging instrument. (Dkt. No. 15 at 5-7 13, 22.) He also refers to a settlement agreement, though the Court cannot determine what settlement he is referencing and if it is related to his conviction. (*Id.* at 7.)

As currently presented, Rivera fails to present any viable federal habeas claims. Rivera only argues that state laws and procedures were violated. This Court may only review claims that contend there has been a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

Furthermore, Rivera cannot challenge his conviction based on improprieties in connection with his pre-trial arrest or detention. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) ("[I]llegal arrest or detention does not void a subsequent conviction. Thus, . . . although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." (citations omitted)); *see also Rose v. Mitchell*, 443 U.S. 545, 576 (1979) ("It is well settled that deprivations of constitutional rights that occur before trial are no bar to conviction unless there has been an impact upon the trial itself. A

conviction after trial . . . 'represents a break in the chain of events which has preceded it in the criminal process.' " (Stewart, J., concurring) (footnote omitted) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973))).

Nor is Rivera entitled to relief for his general claims that the state court lacked jurisdiction. "[I]t is generally accepted that a claim alleging that a state trial court lacked jurisdiction under state law is not cognizable on federal habeas review." *Gould v. Koenig*, 2021 WL 2786553, at *6 (C.D. Cal. May 3, 2021), *adopted by*, 2021 WL 2413037 (C.D. Cal. June 11, 2021). As the Ninth Circuit has observed, "[w]e are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law." *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Nor does the failure of a state court to properly follow its own procedures in responding to Rivera's motions or petitions present a claim. Federal habeas courts lack jurisdiction to review state court applications of state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999).

Even though Rivera has been provided multiple opportunities to amend, he still presents the same confusing allegations that fail to present any federal habeas claims.

## CONCLUSION

This federal habeas action is DISMISSED without leave to amend.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of Respondent and close the case.

**IT IS SO ORDERED.**

Dated: July 21, 2025

RITA F. LIN
United States District Judge